

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| RABO AGRIFINANCE, INC., | \* | CIV 06-1025 |
| Plaintiff, | \* | |
| -vs- | \* | |
| SOUTH DAKOTA WHEAT GROWERS ASSOCIATION, d/b/a SOUTH DAKOTA WHEAT GROWERS, | \* | ORDER AND OPINION |
| Defendant and Third Party Plaintiff, | \* | |
| -vs- | \* | |
| RITA FIX and JEFFREY FIX, | \* | |
| Third-Party Defendants. | \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Various motions are pending before the court. There is a motion (Doc. 32) to seal a settlement document entered into between plaintiff and defendant and filed herein. The parties were apparently proceeding on the erroneous assumption that no motion to seal a document was required. D.S.D.LR 5.5 tells us otherwise. The motion to seal states conclusions only. No good reason is set forth why the settlement agreement should be filed under seal. The public is in general entitled to know what is going on in the federal courts. The motion should be denied.

The returns of service now filed show that the third party summons and third party complaint were served on Jeffrey Fix on October 24, 2006. The records of the bankruptcy court show that Jeffrey Fix filed a bankruptcy petition on February 26, 2004. An automatic stay would have been in effect and defendant and third party plaintiff has apparently violated the automatic stay. The district court could not and would not proceed as to any action against Jeffrey Fix, given the pending bankruptcy action. There

is nothing to indicate that defendant and third party plaintiff have asked the bankruptcy court to lift the automatic stay. There is nothing to indicate that defendant and third party plaintiff have timely filed any claim in the bankruptcy case or made any effort to exempt its claims from discharge.

Any claim that defendant and third party plaintiff might have should have been presented to the bankruptcy court. It may well be too late to do so at this juncture.

Defendant and third party plaintiff has also filed a motion for default judgment (Doc. 32) against Jeffrey Fix. References have been made in documents submitted to this court that defendant and third party plaintiff was fully aware of the pending bankruptcy proceeding. For the reasons set forth above, the motion for default judgment should be denied.

Defendant and third party plaintiff has also filed a motion to amend the scheduling order. Such motion should also be denied as this court has no intention of proceeding against Jeffrey Fix, given the pending bankruptcy case. For all we know, the claims of defendant may have been or will be discharged in the bankruptcy case.

The original of a stipulation for dismissal has been presented to the court rather than filed with the clerk. This is apparently a settlement between plaintiff and defendant. The parties ask the court to retain jurisdiction for the purpose of enforcing the settlement agreement. The court should decline to do so. We are not starting down the slippery slope of keeping files open indefinitely. The court is required to report and publish the report of any case pending more than three years. The court declines to do so as to this case. The stipulation refers to Fed.R.Civ.P. 41(a)(ii). Such provision does not apply since the stipulation was not signed by all parties who have appeared in this action. The parties have made no reference to Fed.R.Civ.P. 54(b), a rule which obviously comes into play since the claims of plaintiff against defendant are to be dismissed with prejudice and not all claims are being adjudicated. A dismissal without prejudice cannot be accomplished in this action without the court making the necessary certification. The

2

court will ignore the erroneous citation by the parties and will direct that a final judgment shall be entered as between plaintiff and defendant. The court certifies that there is no just reason for delay and expressly directs judgment accordingly.

Now, therefore,

IT IS ORDERED, as follows:

(1) The motion to seal (Doc. 30) is denied.

(2) The motion for a default judgment (Doc. 32) is denied.

(3) This action as to Jeffrey Fix is stayed pending adjudication of the bankruptcy case and a further order of the district court. The defendant and third party plaintiff shall take no further action in this court as to Jeffrey Fix until any stay in bankruptcy court is lifted. This includes attempting to engage in discovery or any other proceedings.

(4) The motion to amend the scheduling order (Doc. 29) is denied.

(5) The complaint of plaintiff against defendant is dismissed, on the merits, with prejudice, and without the taxation of costs. This is a final judgment and there is no just reason for delay.

(6) The caption shall be amended accordingly to show that plaintiff is no longer a party. Defendant shall be hereafter designated as the plaintiff and the third party defendants shall be hereafter designated as the defendants.

Dated this 24th day of January, 2008.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: Barbara J. Paepke
DEPUTY
(SEAL)

3